ELECTRONICALLY FILED
Miller County Circuit Court
Penny Kilcrease, Circuit Clerk
2023-Aug-24 17:26:37
46CV-23-122
C08SD01 : 9 Pages

**IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS**
**FIRST, ELEVENTH JUDICIAL CIRCUIT**

**TYRONE HARRIS** **PLAINTIFF**

**v.** **Case No. 46CV-23-122**
**JURY TRIAL DEMANDED**

**SHERIFF WAYNE EASLEY, Individually and in his Official Capacity;**
**BRANDON YELEY, Individually, and in his Official Capacity**
**MASON ROBERTS, Individually, and in his Official Capacity**
**GOLDEN ADAMS, Individually, and in his Official Capacity;**
**RICHARD HENDERSON, Individually and in his Official Capacity;**
**SOUTHERN HEALTH PARTNERS INC., and JOHN DOES 1-10** **DEFENDANTS**

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, **TYRONE HARRIS,** by and through Counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, for this cause of action against Defendants, states as follows:

## PARTIES & JURISDICTION

1. This action is against Defendants, Miller County Sheriff Wayne Easley, Captain Golden Adams, Brandon Yeley, Mason Roberts, Sergeant Richard Henderson, Southern Health Partners, Inc., and other Defendants arises under the Arkansas and United States Constitution. This action is brought as allowed by the Arkansas Civil Rights Act of 1993, Title II of the Americans with Disabilities act, and 42 USC 1983. John Does 1-10 are individuals presently unknown to the Plaintiff who assisted Defendant, Adams, in the use of excessive force and failed to intervene or who failed to render medical treatment to the Plaintiff. Each individual Defendant is sued in his Official and Individual Capacity. Defendant Steven King, Kevin McCain, and , Southern Health Partners, (hereinafter "SHP"), each is sued for medical malpractice as well.

2. Plaintiff is a resident and citizen of Hot Springs, Garland County, Arkansas, at all times relevant to this Complaint, was being held in Miller County Detention Center,

EXHIBIT
tabbies
28

which is maintained by Sheriff Wayne Easley, Miller County, Arkansas, who is sued in his Official and Individual Capacity for failure to provide necessary medical care, enforce detention center policies, provide facilities accessible under the ADA, ensure the safety of prisoners, and protect the constitutional rights of prisoners, in violation of the Arkansas Constitution.

3. All events occurred while Plaintiff was in the custody of Miller County Detention Center. Venue is proper. All actions were taken under color of law.

## FACTUAL ALLEGATIONS

4. On or about December 31, 2020, Defendant Sergeant Richard Henderson discharged a weapon loaded with pepper balls against Plaintiff supposedly for the purpose of forcing Plaintiff to submit to having his temperature taken. This was excessive force.

5. On or about July 2, 2021, Defendants, Yeley, and Mason, and Captain Golden Adams, after handcuffing Plaintiff, without resistance, swept Plaintiff's legs out from under him, sat Plaintiff on a stool, and struck Plaintiff across the head. SHP failed to provide Plaintiff with appropriate medical treatment.

6. Then, Yeley, and Mason, and Captain Golden Adams, dragged Plaintiff from the common area and threw Plaintiff face-down to the ground in his cell whereupon Defendant Yeley, and Mason, and Captain Golden Adams pinned Plaintiff under him to continue to attack Plaintiff. During that whole time, Plaintiff was handcuffed and unable to protect himself from Defendant. This was excessive force.

7. That Defendant, Yeley, and Mason, and Captain Golden Adams, each has used excessive force against Plaintiff, and others, many times, yet the Sheriff has failed to train them in the appropriate use of force and has ratified his actions.

8. Plaintiff's cell was not cleaned, and weeks' worth of meal containers and food debris would accumulate in his cell. Defendants refused to provide Plaintiff with safe and sanitary conditions confinement in violation of the ACRA.

9. Plaintiff is a diagnosed schizophrenic with antisocial personality disorder and is prescribed antipsychotic medication to permit normal function. He is a person with a disability within the meaning of the ACRA.

10. When untreated, "...Mr Harris suffered from a mental disease, namely schizophrenia, that rendered him unable to appreciate the nature, quality, or wrongfulness of his actions."

11. That across several months, including the time of these attacks against Plaintiff, Defendants withheld antipsychotic medications from Plaintiff.

12. Plaintiff has exhausted the available administrative remedies; and thereby has satisfied all obligations under Arkansas law.

**COUNT I - MEDICAL CARE/CONDITIONS OF CONFINEMENT**

13. Plaintiff realleges the foregoing, against all Defendants, as if more fully set out herein.

14. Plaintiff had a clearly established right to appropriate medical care by appropriately trained medical personnel in accordance with the Arkansas and Federal Constitution; and a right to substantive and procedural due process under Article II of the Arkansas Constitution and the 14th Amendment to the United States Constitution.

15. The conduct alleged herein shocks the conscience and is, at the very least, the result of a failure to train and is an actual policy choice by the Sheriff.

16. The conduct represents an informal policy and custom fostered by Defendants and the Sheriff. Defendants have violated these rights.

17. Plaintiff's rights to be free from cruel and unusual punishment and due process have been violated, as well as his right to be free from disability discrimination under the ACRA and the ADA.

18. Indeed, each Defendant treated the Plaintiff in such a manner as to constitute abuse of a person with a disability, a felony under Arkansas law and disability discrimination under the ACRA and the ADA.

20. Each Defendant was not properly trained in the provision of medical care, handling medical complaints, or the duty to intervene in order to comply with the ACRA and the State's Constitutions, nor did the Sheriff implement appropriate policies to prevent the use of reasonably foreseeable force.

21. The John Does failed to intervene.

22. As direct and proximate cause of the Sheriff's failure to train on provision of medical care, handling regarding medical care, Plaintiff has suffered severe mental and emotional distress, experienced excessive mental or physical pain, lost relationship, lost enjoyment of life, and incurred other expenses in an amount to be proven at trial.

23. Plaintiff pleads for punitive damages against Yeley, and Mason, and Captain Golden Adams in both their Official and Individual Capacities under the ACRA of 1993.

**COUNT II - EXCESSIVE FORCE**

24. Plaintiff realleges the foregoing against the public Defendants, as if more fully set out herein.

25. Upon information and belief, the Sheriff has failed to train its police officers on the appropriate use of force; and has allowed and enforced an informal custom of excessive force to exist within the department, such that the Sheriff's officers and jailers have subjected tens, if not hundreds, of American citizens to unconstitutional, excessive force.

26. By virtue of the facts alleged herein, Plaintiff had a clearly established right to be free from excessive force. Nonetheless, Henderson, Yeley, and Mason, and Captain Golden Adams used more force than was reasonably necessary to effectuate the arrest in violation of the 4th Amendment to the United States Constitution and the Arkansas Constitution.

27. As a result of Defendants' use of force, Plaintiff suffered severe mental, emotional and physical distress; and will continue to experience same in the future.

28. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages and in their Individual Capacities, under federal law, as well as their Official Capacities under the Arkansas Civil Rights Act of 1993.

**COUNT III**

29. Plaintiff realleges the foregoing against Defendants, SHP, McCain, King and John Does 5-10, who are health care providers presently unknown to the Plaintiff employed by SHP, as if more fully set out herein.

30. By virtue of the facts alleged herein, the Defendants, SHP, McCain, King and John Does 5-10 are healthcare providers within the meaning of the Arkansas Medical Malpractice Act, ("AMMA").

31. Jail was not an appropriate placement. Had SHP, McCain, King and John Does 5-10 referred Plaintiff for appropriate placement, Plaintiff would not have been subjected to excessive force or unconstitutional conditions of confinement.

32. The standard of care applicable to healthcare providers like the Defendants, SHP, McCain, King and John Does 5-10, in Miller County, in 2021, was to properly assess persons with disabilities like the Plaintiff, then to refer persons with disabilities like the Plaintiff suffering from a disability or blunt force trauma to the appropriate specialist and placement.

33. Defendants, SHP, McCain, King and John Does 5-10 breached this standard of care by failing to promptly assess and evaluate Plaintiff properly and to promptly refer him to the appropriate healthcare provider and facility.

34. As a direct and proximate cause of the breach of this duty, Plaintiff care was delayed, and he experienced unnecessary pain and suffering.

35. Also, Plaintiff incurred, and will incur, unnecessary medical bills, Plaintiff has endured severe mental and emotional distress, and Plaintiff may have cognitive deficits in the future due to the delay in treatment.

36. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has experienced unnecessary pain, severe mental and emotional distress, has incurred past and future medical bills, and incurred other damages in an amount to be proven at trial.

**COUNT IV**

37. Plaintiff realleges the foregoing as if more fully set out herein.

38. By virtue of the facts alleged herein, Plaintiff is substantially limited in his ability to think and concentrate and is a person with a disability, as that term is defined by Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

39. The County jail was, and is not, accessible to persons with disabilities. The jail does not have appropriate facilities to house people like the Plaintiff. The County has failed to self evaluate its facilities and policies, and this failure lead to discrimination against the Plaintiff.

40. By virtue of the facts alleged herein, Defendant Sheriff, a policymaker for the County, has willfully refused to provide Plaintiff with mental health treatment or screening, upon being arrested despite clear notice that he needed mental health treatment.

41. Accordingly, by virtue of the facts alleged herein, Plaintiff has been denied program access, as that term is defined by 28 CFR 35.130.

42. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress and will continue to do so in the future.

**JURY DEMAND**

43. Plaintiff demands a trial by Jury.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, **TYRONE HARRIS,** requests the Court find as follows:

a. Accept jurisdiction of this case and set it for trial by jury at the earliest opportunity;

b. Declare that the Defendants have violated the ADA, the 14th Amendment, and Arkansas Constitution for the reasons noted above;

c. Declare that the Defendants have violated the Medical Malpractice Act, the ADA and ACRA's prohibition on disability discrimination, and the Constitution for the reasons noted above;

d. Make a recommendation that officers involved in these incidents be investigated and subject to criminal prosecution;

e. Award Plaintiff compensatory and punitive damages against the Defendants in an amount exceeding One Million Dollars ($1,000,000.00) as compensation for the injuries he has suffered;

f. Award Plaintiff reasonable attorneys' fees and costs pursuant to federal law and the ACRA; and,

g. All other proper relief.

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Street, Ste. 105
Little Rock, AR 72207
501/315-1910 - Office
501/315-1916 - Facsimile
Attorneys for the Plaintiff

*/s/ Luther Oneal Sutter*
Luther Oneal Sutter, Ark. Bar No. 95031
Luther.sutterlaw@gmail.com

By: */s/ Lucien R. Gillham*
Lucien R. Gillham, Ark. Bar No. 99199

Lucien.gillham@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on this, the 24th day of August, 2023, via EFLEX upon counsel for the Defendants, as follows:

Jason Owens

Ben Jackson

By: */s/ Luther Oneal Sutter*

Luther Oneal Sutter, ABN 95031